IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID BARRETT,

        Plaintiff,

v.                                                                                                  CV 07-1285 CEG

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

        Defendant.

MEMORANDUM OPINION AND ORDER

        David Barrett brought this action seeking judicial review of the denial of his claim for disability insurance benefits. This matter is before me now on a motion to reverse or remand filed by Barrett. Docket no. 15. Because the Commissioner's decision at step five is supported by substantial evidence, I recommend that the motion be denied.

Standard of Review

        In reviewing the agency's decision, I must "'determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (quoting Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotations omitted). "[A] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Id. (internal quotation omitted). I must meticulously examine the record to determine whether substantial evidence supports the Administrative Law Judge's ("ALJ") decision. Id. In conducting such an

1

examination, I must take into account anything in the record that "fairly detracts" from the evidence supporting the ALJ's decision. Id. Moreover, "[t]he agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal." Id.

The Sequential Evaluation Process

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. § 423 (d)(1)(A)). The Social Security Administration employs a "five-step sequential evaluation process to determine disability." Barnhart v. Thomas, 540 U.S. 20, 24 (2003). At step one of the process, the claimant must show that he is not working at a substantial gainful activity. See 20 C.F.R. § 404.1520(b). At step two, the claimant must show that he has an impairment, or combination of impairments, that are severe enough to significantly limit his ability to do basic work activities. See 20 C.F.R. § 404.1520(c). At step three, it is the claimant's burden to show that the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. §§ 1520(d), 404.1525, and 404.1526. If the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing and meets the duration requirement (20 C.F.R. § 404.1509), the claimant is disabled. If it does not, the analysis proceeds to the next step. At step four, the ALJ must determine the claimant's residual functional capacity ("RFC") and consider, in light of this RFC, whether the claimant retains the ability to perform past relevant work. See 20 C.F.R. §§ 404.1520(e) and 404.1520(f). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. See id.; 20 C.F.R. § 404.1545.

The claimant bears the burden of proof throughout the first four steps of the sequential evaluation process. At step five, however, the "burden shifts to the Secretary to show that the claimant retains the RFC to do other work that exists in the national economy." Thompson, 987 F.2d at 1487. "How the ALJ should proceed on step five to make the ultimate determination that the claimant is disabled or not depends on whether the claimant alleges an exertional impairment (strength-related), or nonexertional impairment (pain or mental problems), or both." Id.

Background

Barrett filed his application for a period of disability and disability insurance benefits on March 22, 2005. See Administrative Record ("AR") at 38 and 73-75. After an adverse decision by the Commissioner of Social Security, he requested and was granted a hearing before an ALJ. Id. at 45-55. On April 3, 2007, Barrett appeared, with an attorney, before ALJ George W. Reyes. Id. at 204-235. At the hearing, the ALJ took testimony from Barrett, who was 39 years old at the time, as well as a vocational expert ("VE"). Id. On May 24, 2007, the ALJ issued an unfavorable decision denying Barrett's claim. Id. at 38-44. The Appeals Council denied Barrett's request for review, making the ALJ's May 24, 2007 decision the Commissioner's final decision. Id. at 19-22.

In the Commissioner's final decision, the ALJ found at step one that Barrett had engaged in substantial gainful activity in 2005, but not in 2006, so the ALJ continued "using the sequential evaluation process" in evaluating plaintiff's claim. Id. at 40. The ALJ indicated at step two that Barrett suffered from one severe impairment: degenerative joint disease of the bilateral hips, left greater than right. Id. at 40-41. At step four, the ALJ determined that Barrett had the RFC to perform a limited range of sedentary work, with an ability to perform work-related activities involving balancing, stooping, or crouching on only an occasional basis. Id. at

41-42.  Additionally, the ALJ found Barrett must avoid work environments with concentrated exposure to temperature extremes, wetness, or humidity that may exacerbate his impairment.  Id. at 42.  In doing so, the ALJ noted that Barrett's "medically determinable impairment could reasonably be expected to produce the alleged symptoms," but Barrett's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely credible."  Id. at 43.  The ALJ added that Barrett was unable to perform his past relevant work as a prep cook on a full-time basis.  Id.  Thus, the ALJ went on to conduct step five findings.  Id. at 43-44.  At step five, the ALJ found that Barrett was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  Id. at 44.

On December 20, 2007, Barrett filed an appeal in this Court.  See docket no. 1.  In Barrett's Memorandum in Support of his Motion to Reverse or Remand the Administrative Agency Decision, he alleges the administrative decision contains multiple errors.  See docket no. 16.  Specifically, Barrett argues that: (i) the ALJ failed to develop the record with respect to his alleged mental impairments of depression and learning disabilities; (ii) the ALJ committed legal error in finding Barrett did not suffer from a "severe" mental impairment, as the record establishes "severe" depression; (iii) the Appeals Council committed legal error in disregarding additional evidence Barrett submitted that was relevant to the ALJ's failure to develop the record in the case; and (iv) the ALJ's step five findings do not amount to substantial evidence because the vocational expert's testimony is not consistent with Barrett's functional limitations "as set forth within the record as a whole."  Id. at 7-19.

## Analysis

A.  Failure to Develop Record – Mental Impairment of Depression and Learning Disabilities

Barrett first argues the ALJ failed to develop the record with respect to his alleged mental

impairments of depression and learning disabilities. Id. at 7-10. In particular, Barrett states that on March 21, 2007, "just prior to the hearing in this matter," his counsel wrote the ALJ requesting a psychological consultative examination of Barrett related to plaintiff's alleged depression and learning disabilities. Id. at 7. Plaintiff notes that ALJ Reyes acknowledged his receipt of the request on the record, but never made any ruling granting or denying the request. Id. (citing AR at 206). Plaintiff claims the ALJ should have ordered a consultative examination because he was aware of Barrett's history of a suicide attempt, his use of anti-depressant medications, and his difficulty in comprehending and completing his disability forms. Id. at 8.

Though the ALJ did not order a consultative examination in this case, he has broad latitude in deciding when to order one. Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990). The Tenth Circuit has stated:

> [T]he ALJ should order a consultative examination when evidence in the record establishes a 'reasonable probability' of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability.

Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006). Only when there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is inconclusive, is a consultative examination often required. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997).

Here, plaintiff reported that anti-depressive medication helped to improve his symptoms. AR at 41, 177, 186, and 189. The only notation in the record of plaintiff not having control of his depression occurred after he went several months without using any medications. Id. at 199. An impairment that can be reasonably controlled with treatment cannot provide a basis for an

5

award of disability benefits.  See Pacheco v. Sullivan, 931 F.2d 695, 698 (10th Cir. 1991); Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir. 1985).  The record in this case supports the ALJ's finding that psychotropic medications controlled Barrett's depression.  Thus, I find the ALJ's decision to not order a consultative examination does not amount to reversible error because, given the medications that adequately controlled plaintiff's depression, the result of a consultative exam would not reasonably be expected to be of material assistance in resolving the issue of disability.

As for plaintiff's alleged learning disabilities, although plaintiff claims he has had a life-long learning disability, the record indicates he graduated from high school and has successfully worked since 1995 as a prep cook.  AR at 81, 84-85.  Barrett's ability to successfully perform this job for many years led the vocational expert and the ALJ to conclude that plaintiff could perform the unskilled occupation of jewelry preparer that the vocational expert identified as available in significant numbers in the national economy.  Id. at 234.  The medical evidence in the record regarding Barrett's improvement with medication is conclusive with respect to plaintiff's alleged learning disabilities.  Because the record was sufficient for the ALJ to evaluate Barrett's alleged mental impairments and determine whether plaintiff was disabled, and given the fact that this Court may not substitute its own discretion for that of the Commissioner, I find the ALJ's decision regarding plaintiff's alleged learning disabilities does not warrant remand or reversal.  See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994).

B.  Legal Error – "Severe" Impairment

Barrett next contends the ALJ erred in not finding plaintiff's depression to be severe.  Docket no. 16 at 10-13.  Specifically, Barrett asserts the ALJ relied "exclusively" on the assessment of "an in-house, non-examining reviewer."  Id. at 10.  Plaintiff cites to the Tenth

Circuit's decision in Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004), in noting the opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Id. Barrett further claims the ALJ's "legal error" in relying upon "the non-examining in-house reviewer" was compounded by the ALJ's failure to address evidence demonstrating plaintiff "was unable to stabilize his depression even with anti-depressant medication." Id. (citing AR at 187-189).

I find plaintiff's claim that the ALJ erred in relying "exclusively" on the opinion of Elizabeth Chiang, M.D., a psychiatrist who reviewed the medical records for the Agency and found Plaintiff's mental impairment was not severe, to be without merit. AR at 158-171. Review of the ALJ's decision shows that Dr. Chiang's opinion was not the only evidence the ALJ considered as the ALJ also discussed plaintiff's testimony of his alleged mental limitations, plaintiff's disability reports, and treatment notes from Dr. Singleton. Id. at 41. As the ALJ observed, although Barrett claimed to have mental difficulties that limited his ability to work, treatment notes show improvement when plaintiff took medication as directed. Id. at 177, 186, and 189). Plaintiff reported being less paranoid, and his wife acknowledged that he was less grumpy when on medication. Id. at 177. His doctor was able to alter his medication when plaintiff complained of problems, and the record shows plaintiff's reports of poor control was due to him running out of medication, self-discontinuing medication, or not following the dosage prescribed. Id. at 186, 189, and 199. When Dr. Chiang reviewed the evidence, she found plaintiff's mental impairment left him with only "mild" restrictions in activities of daily living; "mild" difficulties in maintaining social functioning; "mild" difficulties in maintaining concentration, persistence, and pace; and no episodes of decompensation. Id. at 168. Under the

regulations, the ALJ may properly find someone with such ratings to have a mental impairment that is "not severe." 20 C.F.R. § 404.1520a(d)(1).

Plaintiff also contends that the report from Clifford O. Morgan, Ph.D., was sufficient evidence to establish Barrett had a severe mental impairment during the adjudicated period. Docket no. 16 at 11-13. Barrett, however, did not submit Dr. Morgan's report to the Agency until November 7, 2007, six months after the ALJ denied benefits and nearly two weeks after the Appeals Council denied plaintiff's request for review of the ALJ's decision. See AR at 6, 19-22, and 44. The adjudicated period ended with the May 24, 2007 ALJ decision. Id. at 44. Nevertheless, though Barrett evidently indicated to Dr. Morgan that his anti-depressant medication was not working, such a statement is contrary to Dr. Shermann S. Singleton's contemporaneous treatment notes that show improvement of symptoms when Barrett follows the medication instructions of his doctor. Id. at 177, 186, 189, and 199. In determining whether a severe impairment exists, the Commissioner considers the "effect" of the impairment. 20 C.F.R. § 404.1521; Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003). According to the Tenth Circuit, the "impairment must be of a nature and degree of severity to justify its consideration as the cause of failure to obtain any substantial gainful work." Williamson, 350 F.3d 1097, 1100 (10th Cir. 2003). Here, the ALJ properly found plaintiff did not suffer from a severe mental impairment during the adjudicated period because the record shows medication was effective in controlling his symptoms.

C.  Legal Error – Appeals Council

Next, plaintiff contends the Appeals Council erred in failing to re-open the ALJ's decision after Barrett submitted new records from Dr. Morgan. Docket no. 16 at 13-16. Plaintiff argues Dr. Morgan's psychological assessment is "contrary to the weight of the evidence" that

the ALJ possesssed at the time of the hearing, and "the Appeals Council erred in failing to order review of the ALJ's decision." Id. at 15-16.  Barrett suggests this Court should remand the case "for consideration of this additional 'new' and 'material' evidence."  Id. at 16.

Plaintiff did not timely submit Dr. Morgan's report for either the ALJ's consideration or the Appeals Council's consideration of plaintiff's request for review.  Rather, only after the Appeals Council had already denied plaintiff's request for review did plaintiff submit Dr. Morgan's report for consideration in connection with a request to reopen the ALJ's decision. AR at 6-18.  The Appeals Council found no reason to reopen and change the ALJ's decision.  Id. at 4.  A district court has no jurisdiction to review the Commissioner's decision not to reopen an earlier adjudication.  See Nelson v. Sec'y of Health and Human Servs., 927 F.2d 1109, 1111 (10th Cir. 1990); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990).  The district court's statutory jurisdiction is confined to the final decision of the Commissioner.  See 42 U.S.C. § 405(g).  In this case, the final decision of the Commissioner was the ALJ's May 24, 2007 decision.  Given my lack of jurisdiction to review the Commissioner's decision not to reopen the ALJ's decision,[1] I find plaintiff's argument that the Appeals Council committed a legal error to

---

[1] Plaintiff's reliance on the Tenth Circuit holding in O'Dell v. Shalala, 44 F.3d 855 (10th Cir. 1994), to argue legal error against the Appeals Council in this case is misplaced.  The legal error in O'Dell arose out of the district court declining to consider new evidence that the claimant submitted to the Appeals Council when requesting review of the ALJ's decision.  The Tenth Circuit recognized in O'Dell that the Social Security regulations specifically authorize a claimant to submit new and material evidence when seeking review of the ALJ's decision.  Id. at 858.  The Tenth Circuit ultimately found that the new evidence becomes part of the record when a reviewing court determines whether substantial evidence supports the ALJ's decision.  Id. at 859.  Quoting from O'Dell, Barrett contends the Appeals Council should not disregard the new evidence because: (1) the Commissioner has made an administrative decision to give claimant a last opportunity to demonstrate disability before the decision becomes final by authorizing the submission of new evidence under 20 C.F.R. § 404.970(b) and (2) the regulations appear to make the new evidence part of the administrative record, directing the Appeals Council to evaluate the entire record and requiring review if the ALJ's decision is contrary to the weight of

be without merit.

D. Substantial Evidence – Step Five Findings

Finally, Barrett argues the ALJ's reliance on the vocational expert's testimony amounts to legal error. Docket no. 16 at 16-19. Specifically, plaintiff contends the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"). Id. at 16-17. Barrett claims that because the ALJ limited him to performing only simple tasks, he could not perform the one job specifically identified by the vocational expert. Id. at 16-18. Plaintiff states the job of "jewelry preparer," identified by the vocational expert, would be eliminated under the reasoning development requirements specified in the DOT because Barrett would have difficulty reading "written" instructions and understanding and processing "verbal" instructions required of that occupation. Id. at 19. Barrett claims that by failing to investigate the support for the VE's testimony, the ALJ's decision is not supported by substantial evidence. Id.

ALJ Reyes, contrary to assertions from plaintiff, did ask the VE whether her testimony was consistent with information from the DOT, and the VE responded in the affirmative. See AR at 234. Vocational testimony elicited by a proper hypothetical question serves as substantial evidence to support a step five decision. Gay v. Sullivan, 986 F.2d 1336, 1340-1341 (10th Cir. 1993). The VE testified that the jewelry preparer job was unskilled, involving simple one and two-step tasks. See AR at 234. Social Security regulations define unskilled work as work

---

the evidence currently of record. See docket no. 16 at 14-15 (quoting O'Dell, 44 F.3d at 859). In this case, as noted above, Barrett did not submit Dr. Morgan's report until after the Appeals Council had already denied review. See AR at 6, 19-22. Thus, in contrast with O'Dell, the ALJ's decision in the present case was already final by the time Barrett presented Dr. Morgan's report to the Agency. Plaintiff's submission of the report in conjunction with his request to reopen, as opposed to his earlier request for review, effectively takes his argument concerning Dr. Morgan's report out of the jurisdiction of the district court.

requiring little or no judgment and simple duties that can be learned on the job in a short period of time. 20 C.F.R. § 404.1568(a). Social Security Ruling ("SSR") 00-4p states that a job with the Specific Vocational Preparation ("SVP") level of two in the DOT corresponds to unskilled work. The VE's identification of the job of jewelry preparer as unskilled work is therefore consistent with the SVP information from the DOT. See SSR 00-4p.

Though plaintiff contends the ALJ's RFC limitation of "simple tasks" means that plaintiff could not perform jobs, such as jewelry preparer, which the DOT describes as involving a reasoning level of two, the Tenth Circuit has held that a limitation to "simple and routine work tasks" seems inconsistent with the demands of only level three reasoning. See Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005). The Tenth Circuit further held that jobs involving level two reasoning or below were consistent with the ability to perform "simple and routine work tasks." Id. Thus, the ALJ properly found Barrett able to perform the level two job of jewelry preparer. See AR at 44. I find plaintiff's step five argument, therefore, to also be without merit.

E.  Summary

I cannot conclude that the ALJ erred in determining Barrett could perform a significant range of sedentary work in the state and national economy after recognizing that he did have a severe impairment that resulted in various limitations. The ALJ's handling of the case is supported by substantial evidence and the ALJ's decision comports with relevant legal standards. Even if the ALJ did not discuss all the evidence to plaintiff's satisfaction, he was not required to discuss every piece of evidence in the record, and his decision reflects consideration of both the objective and subjective evidence he relied upon and the probative evidence he rejected. See Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). Because the ALJ's determination

is supported by more than a scintilla of evidence and was reached through applying proper legal standards, his findings are conclusive. I am not permitted to reweigh the evidence or substitute my own judgment for the ALJ's. See Glass, 43 F.3d at 1395; Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

## Conclusion

For the reasons set forth above, Barrett's Motion to Reverse or Remand the Administrative Agency Decision (docket no. 15) is DENIED. IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE